IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KING GEORGE COUNTY, VIRGINIA, a political subdivision of the Commonwealth of Virginia,<br><br>    Plaintiff,<br><br>    v.<br><br>ERIC H. HOLDER, JR., the Attorney General of the United States of America, and THOMAS E. PEREZ, Assistant Attorney General, Civil Rights Division, United States Department of Justice,<br><br>    Defendants. | No. 1:11-CV-02164<br>BAH-KLH-ESH<br>Three-Judge Court |

CONSENT JUDGMENT AND DECREE

1.  This action was initiated on December 7, 2011 by Plaintiff King George County ("County") against Defendants Eric H. Holder, Jr., Attorney General of the United States, and Thomas E. Perez, Assistant Attorney General, Civil Rights Division (collectively, "the Attorney General").

2.  King George County is a governmental entity organized under the constitution and laws of the Commonwealth of Virginia.  The County is a political subdivision of the Commonwealth within the meaning of Section 4(a) of the Voting Rights Act.  42 U.S.C. § 1973b(a)(1).

3.  The Commonwealth of Virginia became covered as a whole by certain special provisions of the Voting Rights Act based on a coverage determination made by the Attorney General and the Director of the Census, published in the Federal Register on August 7, 1965.

*See* 30 Fed. Reg. 9,897 (Aug. 7, 1965).  By virtue of this coverage determination, the Commonwealth of Virginia and all of its political subdivisions (including King George County) must receive preclearance under Section 5 of the Voting Rights Act for all changes enacted or implemented after November 1, 1964, which affect voting.

4. In this action, the County seeks a declaratory judgment pursuant to Section 4(a)(1) of the Voting Rights Act, 42 U.S.C. § 1973b(a)(1), exempting it from coverage under Section 4(b) of the Act, 42 U.S.C. § 1973b(b).  Exemption under Section 4(b) would in turn exempt the County and its political subunits from the preclearance provisions of Section 5 of the Voting Rights Act.  42 U.S.C. § 1973c.

5. This three-judge Court has been convened as provided in 42 U.S.C. § 1973b(a)(5) and 28 U.S.C. § 2284 and has jurisdiction over this matter.

6. Section 4(a) of the Voting Rights Act provides that a state or political subdivision subject to the special provisions of the Act may be exempted or "bailed out" from those provisions through an action for a declaratory judgment before this Court if it can demonstrate fulfillment of the specific statutory conditions in Section 4(a) for the time period "during the ten years preceding the filing of the action" and "during the pendency of such action," as described below:

> (A)  no such test or device has been used within such State or political subdivision for the purpose or with the effect of denying or abridging the right to vote on account of race or color or (in the case of a State or subdivision seeking a declaratory judgment under the second sentence of this subsection) in contravention of the guarantees of subsection (f)(2) of this section (42 U.S.C. § 1973b(a)(1)(A));

2

(B)  no final judgment of any court of the United States, other than the denial of declaratory judgment under this section, has determined that denials or abridgements of the right to vote on account of race or color have occurred anywhere in the territory of such State or political subdivision or (in the case of a State or subdivision seeking a declaratory judgment under the second sentence of this subsection) that denials or abridgements of the right to vote in contravention of the guarantees of subsection (f)(2) of this section have occurred anywhere in the territory of such State or subdivision and no consent decree, settlement, or agreement has been entered into resulting in any abandonment of a voting practice challenged on such grounds; and no declaratory judgment under this section shall be entered during the pendency of an action commenced before the filing of an action under this section and alleging such denials or abridgements of the right to vote (42 U.S.C. § 1973b(a)(1)(B));

(C)  no Federal examiners or observers under subchapters I-A to I-C of this chapter have been assigned to such State or political subdivision (42 U.S.C. § 1973b(a)(1)(C));

(D)  such State or political subdivision and all governmental units within its territory have complied with section 1973c of this title, including compliance with the requirement that no change covered by section 1973c of this title has been enforced without preclearance under section 1973c of this title, and have repealed all changes covered by section 1973c of this title to which the Attorney General has successfully objected or as to which the United States District Court for the District of Columbia has denied a declaratory judgment (42 U.S.C. § 1973b(a)(1)(D));

(E)  the Attorney General has not interposed any objection (that has not been overturned by a final judgment of a court) and no declaratory judgment has been denied under section 1973c of this title, with respect to any submission by or on behalf of the plaintiff or any governmental unit within its territory under section 1973c of this title, and no such submissions or declaratory judgment actions are pending (42 U.S.C. § 1973b(a)(1)(E)); and

(F)  such State or political subdivision and all governmental units within its territory - (i) have eliminated voting procedures and methods of election which inhibit or dilute equal access to the

3

    electoral process; (ii) have engaged in constructive efforts to eliminate intimidation and harassment of persons exercising rights protected under subchapters I-A to I-C of this chapter; and (iii) have engaged in other constructive efforts, such as expanded opportunity for convenient registration and voting for every person of voting age and the appointment of minority persons as election officials throughout the jurisdiction and at all stages of the election and registration process (42 U.S.C. § 1973b(a)(1)(F)(i-iii)).

7.     Section 4(a) provides the following additional requirements to obtain bailout:

    To assist the court in determining whether to issue a declaratory judgment under this subsection, the plaintiff shall present evidence of minority participation, including evidence of the levels of minority group registration and voting, changes in such levels over time, and disparities between minority-group and non-minority-group participation. (42 U.S.C. § 1973b(a)(2));

    No declaratory judgment shall issue under this subsection with respect to such State or political subdivision if such plaintiff and governmental units within its territory have, during the period beginning ten years before the date the judgment is issued, engaged in violations of any provision of the Constitution or laws of the United States or any State or political subdivision with respect to discrimination in voting on account of race or color or (in the case of a State or subdivision seeking a declaratory judgment under the second sentence of this subsection) in contravention of the guarantees of subsection (f)(2) of this section unless the plaintiff establishes that any such violations were trivial, were promptly corrected, and were not repeated. (42 U.S.C. § 1973b(a)(3));

    The State or political subdivision bringing such action shall publicize the intended commencement and any proposed settlement of such action in the media serving such State or political subdivision and in appropriate United States post offices . . . . (42 U.S.C. § 1973b(a)(4)).

8.     Section 4(a)(9) provides that the Attorney General can consent to entry of a declaratory judgment granting bailout "if based upon a showing of objective and compelling

4

evidence by the plaintiff, and upon investigation, he is satisfied that the State or political subdivision has complied with the requirements of [Section 4(a)(1)] . . . ." 42 U.S.C. § 1973b(a)(9).

9. The Attorney General has conducted a comprehensive and independent investigation to determine the County's eligibility for bailout. Department of Justice attorneys interviewed members of the local minority community and the electoral board, the county attorney and the county registrar; and reviewed a significant quantity of documentary evidence, including: background information; demographic data; minutes of the meetings of the King George County Board of Supervisors, Electoral Board and School Board; and the preclearance submissions of King George County and the King George County School Board ("School Board").

10. The Attorney General and King George County agree that the County has fulfilled all conditions required by Section 4(a) and is entitled to the requested declaratory judgment. The parties have filed a Joint Motion for Entry of this Consent Judgment and Decree.

## AGREED STIPULATIONS

11. King George County is a political subdivision of the Commonwealth of Virginia and thus a political subdivision of a state within the meaning of Section 4(a) of the Voting Rights Act. *See* 42 U.S.C. § 1973b(a)(1)(A); *see also Nw. Austin Mun. Util. Dist. No. One* v. *Holder*, 129 S. Ct. 2504 (2009). There is one other elected governmental unit within the meaning of 42 U.S.C. § 1973b(a)(1) that exists within King George County: the King George County School Board.

12. According to the 2010 Census, King George County has a total population of 23,584, of which 17,603 (74.6%) are Non-Hispanic White, 4,404 (18.7%) are Non-Hispanic Black, 790 (3.4%) are Hispanic, 395 (1.7%) are Non-Hispanic Asian, and 212 (0.9%) are Non-Hispanic Native American. The County's total voting age population is 17,044, of which 13,033 (76.5%) are Non-Hispanic White, 3,043 (17.8%) are Non-Hispanic Black, 468 (2.8%) are Hispanic, 258 (1.5%) are Non-Hispanic Asian, and 146 (0.9%) are Non-Hispanic Native American.

13. The King George County Board of Supervisors is the governing body that formulates policies for the administration of government in King George County. It is comprised of five supervisors elected by plurality vote in partisan elections. Supervisors are elected from four single-member districts and one at-large district to serve four-year staggered terms.

14. The King George County Board of Supervisors has one African American member, elected from a single-member district, who has served consecutive terms since 1991. The first African American was elected to the County Board of Supervisors in 1983.

15. The jurisdiction of the King George County School Board is coterminous with that of the County. The School Board governs the King George County school system. The School Board is comprised of five members elected from the same single-member and at-large districts as members of the King George County Board of Supervisors. The School Board members are elected by plurality vote in nonpartisan elections and serve four-year staggered terms.

16. Three African Americans have been elected to the King George County School Board.

17. The King George County Electoral Board is a bi-partisan body appointed by the Circuit Court to oversee the administration of state election laws and regulations. The County Electoral Board appoints the King George County General Registrar.

18. An African American has been appointed to the King George County Electoral Board since 1985. Currently, the chairman of the Electoral Board is African American.

19. The King George County Registrar of Voters and the King George County Electoral Board are primarily responsible for all election-related functions, including the preparation of ballots, voter registration, list maintenance, voter outreach, conduct of elections, and the selection of polling sites and poll workers.

20. Citizens in King George County may register to vote in person at the office of the County Registrar of Voters in King George. Citizens may also obtain voter registration applications at additional locations in the County, including the Office of Social Services, the Department of Motor Vehicles, the State Board of Elections website, and by requesting that the Registrar of Voters provide an application by mail. Voters can also register to vote by submitting a completed application by mail.

21. Since the County, like other jurisdictions in Virginia, does not record the race of its registered voters, it cannot present direct evidence of minority voter registration or minority participation in voting. The County has presented available information on voter registration and voting participation. Current data show that a significant portion of the County's voting age population is registered to vote. As of October 3, 2011, the County had 13,660 registered voters, or 80.1% of the County's 2010 Census voting age population (VAP). The percentage of VAP in the County that is registered to vote has risen significantly over the last decade. In December

2000, there were 8,546 registered voters in the County, or 70.4% of the County's 2000 Census VAP.

22.     On Election Day, the County uses five polling places which span King George's five election districts.  In addition, the County operates a central absentee precinct.  The central absentee precinct is located in the Registrar's office until Election Day.  On Election Day, the central absentee precinct is relocated to the Monroe District.

23.     During the November 2010 election, King George County had 49 poll workers, of which nine (18.4%) were Black and one (2%) was Hispanic.  The percentage of Black appointed poll workers is slightly above the Non-Hispanic Black VAP (17.8%) in the County.  The percentage of Hispanic appointed poll workers is slightly above the Hispanic VAP (1.5%) in the County.

24.     Voter turnout (*i.e.* the percentage of those registered voters who cast ballots) in elections in King George County varies according to the offices up for election.  Voter turnout in presidential election years increased from 72.4% in 2000, to 76.2% in 2004, to 77.8% in 2008.  Turnout for the last three non-presidential congressional elections has fluctuated: it was 30.3% in 2002, 54.6% in 2006, and 44.3% in 2010.

25.     The Attorney General has received nine submissions on behalf of the County, and School Board during the ten years preceding this action.  These submissions included the post-2000 and post-2010 census redistricting plans for the County and School Board, a number of polling place changes, a realignment of voting precincts, a change to the toll-free number at the Department of Motor Vehicles, the creation of a central absentee precinct, and voting method changes related to electronic voting machines.  All of these submissions have been precleared by

the Attorney General. The most recent submissions for the County were an appointment to fill a vacancy and a boundary line adjustment between King George and Westmoreland counties. These most recent submissions were made after the Attorney General reviewed the records of the County and its subjurisdictions in the course of considering the County's bailout request and determined that these matters were not reflected in previous submissions over the preceding ten years. Such review also determined that the failure to make such submissions prior to implementation was inadvertent and not the product of any discriminatory purpose. Upon notice from the Attorney General, these matters were promptly submitted for review under Section 5, and the Attorney General interposed no objection to these changes on November 18, 2011. This Court has granted bailout to other jurisdictions who have similarly implemented certain minor changes prior to Section 5 review. *See, e.g.*, *Augusta County v. Gonzales*, No. 05-1885 (D.D.C. Nov. 30, 2005).

26. The County publicized the intended commencement of this action by placing advertisements in the local newspaper and posting notice of bailout at the County Administration Building, Voter Registrar's office, Department of Social Services, County Courthouse, Circuit Clerk's Office, local library, YMCA, five of six local post offices, and on the County's website. The County has publicized notice of this proposed settlement, simultaneously with the filing of the Joint Motion for Entry of Consent Judgment and Decree. 42 U.S.C. § 1973b(a)(4). The parties request that this Court wait 30 days after filing of the Joint Motion for Entry of this Consent Judgment and Decree before approving this settlement, while the notice of proposed settlement is advertised.

27.     The Attorney General has determined that it is appropriate to consent to a declaratory judgment allowing bailout by the County, pursuant to Section 4(a)(9) of the Voting Rights Act, 42 U.S.C. § 1973b(a)(9).  The Attorney General's consent in this action is based upon his own independent factual investigation of the County's fulfillment of all of the bailout criteria, and consideration of all of the circumstances of this case, including the views of minority citizens in the County, and the absence of racial discrimination in the electoral process within the County.  This consent is premised on an understanding that Congress intended Section 4(a)(9) to permit bailout in those cases where the Attorney General is satisfied that both the statutory objectives of encouraging Section 5 compliance and of preventing the use of racially discriminatory voting practices would not be compromised by such consent.

## AGREED FINDINGS ON STATUTORY BAILOUT CRITERIA

28.     King George County and the King George County School Board are covered jurisdictions subject to the special provisions of the Voting Rights Act, including Section 5 of the Act, 42 U.S.C. § 1973c.  Under Section 5 of the Act, the County and School Board are required to obtain preclearance from either this Court or from the Attorney General for any change in voting standards, practices, and procedures adopted or implemented since the Act's coverage date for the Commonwealth of Virginia.

29.     During the ten years preceding the filing of this action, and during the pendency of this action, there has been no test or device as defined in Section 4(c) of the Voting Rights Act used within the County for the purpose or with the effect of denying or abridging the right to vote on account of race or color.  42 U.S.C. § 1973b(a)(1)(A).

30. During the ten years preceding the filing of this action, and during the pendency of this action, no final judgment of any court of the United States has determined that denials or abridgements of the right to vote on account of race or color have occurred anywhere in the territory of the County. Further, no consent decree, settlement, or agreement has been entered into resulting in any abandonment of a voting practice challenged on such grounds. No action is presently pending alleging such denials or abridgements of the right to vote. 42 U.S.C. § 1973b(a)(1)(B).

31. During the ten years preceding the filing of this action, and during the pendency of this action, no Federal examiners or observers have been assigned to the County. 42 U.S.C. § 1973b(a)(1)(C).

32. During the ten years preceding the filing of this action, the County and School Board have submitted a number of voting changes to the Attorney General for review under Section 5. The Attorney General has not interposed an objection under Section 5 to any of these changes. As set forth above, the County or its subjurisdictions inadvertently failed to submit, prior to implementation, an appointment to fill a county vacancy and a boundary line adjustment to the Attorney General for review under Section 5. There is no evidence that the County or its subjurisdictions did not submit these matters prior to implementation for any improper reason. Nor is there any evidence that implementation of such changes, which have now been precleared under Section 5, has had a discriminatory effect on voting that would contravene Congress' intent in providing the bailout option to jurisdictions such as these. During the ten years preceding the filing of this action, and during the pendency of this action, there has been no need for the County or School Board to repeal any voting changes to which the Attorney General has objected, or to

which this Court has denied a declaratory judgment, since no such objections or denials have occurred.  42 U.S.C. § 1973b(a)(1)(D).

33.	During the ten years preceding the filing of this action, and during the pendency of this action, the Attorney General has not interposed any objection to voting changes submitted by or on behalf of the County or School Board for administrative review under Section 5 of the Voting Rights Act.  Nor has any declaratory judgment been denied under Section 5 of the Act by or on behalf of the County or School Board.  No administrative submissions or declaratory judgment actions under Section 5 on behalf of the County or School Board are now pending.  42 U.S.C. § 1973b(a)(1)(E).

34.	During the ten years preceding the filing of this action, and during the pendency of this action, neither the County nor School Board has employed voting procedures or methods of election which inhibit or dilute equal access to the electoral process.  42 U.S.C. § 1973b(a)(1)(F)(i).

35.	There is no evidence that any persons participating in the County or School Board elections have been subject to intimidation or harassment in the course of exercising their rights protected under the Voting Rights Act in the preceding ten years or during the pendency of this action.  42 U.S.C. § 1973b(a)(1)(F)(ii).

36.	Over the preceding ten years, the County has engaged in a variety of constructive efforts, including efforts to expand the opportunity for registration and voting, such as providing opportunities to register to vote through a variety of offices and through the mail, conducting voter registration outreach to high school seniors, providing voter registration applications to local nonprofit organizations upon request, conducting voter registration outreach campaigns at a large

countywide event, and appointing minority elections and poll officials.  42 U.S.C. § 1973b(a)(1)(F)(iii).

37.     The County has presented available information regarding rates of voter registration and voter participation over time.  42 U.S.C. § 1973b(a)(2).

38.     During the preceding ten year period, neither the County nor the School Board have engaged in violations of any provision of the Constitution or laws of the United States or any State or political subdivision with respect to discrimination in voting on account of race or color.  42 U.S.C. § 1973b(a)(3).

39.     The County publicized the intended commencement of this action prior to its being filed, by placing advertisements in the local newspaper, five of six local post offices located within the County, the County Courthouse, the office of the Registrar of Voters, and public schools within the County.  The County has publicized a notice of the proposed settlement of this action, simultaneously with the filing of the Joint Motion for Entry of Consent Judgment and Decree.  42 U.S.C. § 1973b(a)(4).

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1. The Plaintiff, King George County, is entitled to a declaratory judgment in accordance with Section 4(a)(1) of the Voting Rights Act, 42 U.S.C. § 1973b(a)(1).

2. The parties' Joint Motion for Entry of Consent Judgment and Decree is GRANTED, and Plaintiff King George County and the King George County School Board are exempted from coverage pursuant to Section 4(b) of the Voting Rights Act, 42 U.S.C. § 1973b(b), provided that this Court shall retain jurisdiction over this matter for a period of ten years pursuant to Section 4(a)(5), 42 U.S.C. § 1973b(a)(5). This action shall be closed and placed on this Court's inactive docket, subject to being reactivated upon application by either the Attorney General or any aggrieved person in accordance with the procedures set forth in Section 4(a)(5), 42 U.S.C. § 1973b(a)(5).

3. Each party shall bear its own costs.

Entered this _____ day of _____, 2012.

_____
BERYL A. HOWELL
United States District Judge


_____
KAREN LECRAFT HENDERSON
United States Circuit Judge


_____
ELLEN S. HUVELLE
United States District Judge

Approved as to form and content:

**For the Plaintiff**
**KING GEORGE COUNTY:**

*/s/ J. Gerald Hebert*
_____
**J. GERALD HEBERT**
D.C. Bar No. 447676
Attorney at Law
191 Somervelle Street, #405
Alexandria, Va. 22304
Tel (703) 628-4673
Email: hebert@voterlaw.com
*Counsel for Plaintiff*

Dated: February 29, 2012

|  | For the Defendants ATTORNEY GENERAL OF THE UNITED STATES, *et al.*: |
|---|---|
| **RONALD C. MACHEN, JR.**<br>United States Attorney<br>District of Columbia | **THOMAS E. PEREZ**<br>Assistant Attorney General<br>Civil Rights Division<br><br>*/s/ Jenigh J. Garrett*<br>_____<br>**T. CHRISTIAN HERREN, JR.**<br>**ROBERT POPPER**<br>**JENIGH J. GARRETT**<br>**KATHERINE CULLITON-GONZÁLEZ**<br>katherine.culliton@usdoj.gov<br>Attorneys<br>Voting Section<br>Civil Rights Division<br>United States Department of Justice<br>Room 7125 - NWB<br>950 Pennsylvania Ave., N.W.<br>Washington, DC 20530<br>Phone: (202) 305-0010<br>Fax:     (202) 307-3961<br>*Counsel for Defendants* |

Dated: February 29, 2012